554

## INLAND MILLING CO. v. HUSTON, Collector of Internal Revenue.

Nos. 4582, 4586, 4579, 4580, 4587, 4588, 4589, 4081.

District Court, S. D. Iowa, Central Division.

Nov. 22, 1935.

See, also (D. C.) 11 F. Supp. 813.

In case No. 4081:

Hollingsworth & Hollingsworth, of Keokuk, Iowa, for complainant.

In cases Nos. 4582 and 4586:

Brammer, Brody, Charlton & Parker, of Des Moines, Iowa, for complainants.

In case No. 4587:

Carr, Cox, Evans & Riley, of Des Moines, Iowa, for complainant.

In cases Nos. 4579 and 4580:

Betty & Betty, of Davenport, Iowa, for complainants.

In case No. 4588:

B. J. Price, of Fort Dodge, Iowa, and Dwight H. Green, of Chicago, Ill., for complainants.

In case No. 4589:

Lehmann, Hurlburt & Hossfeld, of Des Moines, Iowa, for complainants.

Harry B. Betty, of Davenport, Iowa, for all complainants.

E. G. Moon, U. S. Atty., of Des Moines, Iowa, C. I. Level, Asst. U. S. Atty., of Denison, Iowa, and Wm. R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, and Frank J. Wideman, Asst. Atty. Gen. of the United States, and Paul S. McMahon, Sp. Asst. to the Atty. Gen., for defendant.

DEWEY, District Judge.

The above-entitled causes came on for hearing in open court at Des Moines, Iowa, on the 25th day of October, 1935; the first two cases on motions to dismiss and to dissolve temporary preliminary injunctions and the last six cases on applications for temporary injunction by the complainants and on motions to dismiss by the defendant. All of the cases were consolidated for the purpose of the hearing, and after oral arguments the questions were submitted on written briefs of the parties.

In the first two cases, this court has issued temporary injunctions pending hearing of the cases on their merits. Since that time the Congress has amended the Agricultural Adjustment Act (7 USCA § 601 et seq.) and amended complaints have been filed.

The motions to dismiss and to dissolve the preliminary injunction are filed on account of the change in the law governing the collection of processing

taxes by the amendment to the Agricultural Adjustment Act of August 24, 1935 (chapter 641 [7 USCA § 602 et seq.]). It is urged that by that amendment ·the jurisdiction of this court to maintain these actions is by such amendment expressly prohibited, and that the act provides administrative remedies which must be resorted to by complainants.

The pleadings in all the cases as amended raise the same issues for determination.

■ The facts well pleaded in the complaints and amendments thereto must be in this proceeding considered by the .court as true and correct facts governing the law questions involved, and such facts are adopted as the facts in the case for this hearing.

The parties have again presented exhaustive briefs. on the questions raised, but as many courts have already passed upon these questions, and as these briefs so thoroughly discuss the law questions involved, both sides are fully advised as to the respective contentions of the parties, and this court will therefore content itself·with its final conclusion.

The tax which the Secretary of Agriculture is authorized to levy and which has been levied against the complainants is a tax on the business of the processors as such and not in any way a sales tax. This presents a situation entirely different from that discussed by the Supreme Court of the United States in the case of United States v. Jefferson Electric Mfg. Co., 291 U. S. 386, 54 S. Ct. 443, 78 L. Ed. 859, wherein the Supreme Court had under consideration the effectiveness of an administrative remedy providing for the recovery of a sales tax.

■ All the parties agree, I think, or at least there can be no contention, that the Congress is without authority to take away the jurisdiction of the courts to hear and determine whether a tax unlawfully exacted should be returned, unless an adequate remedy is in some manner provided by the Congress wherein there might be a hearing on the question of the right to recover a tax illegally assessed and paid. To withhold jurisdiction of the courts without providing some means for a full and fair hearing would be the taking of property without due process of law, which is expressly pro-

hibited by the Fifth Amendment to the Constitution. If an adequate remedy at law is provided for by the act, then this court is without jurisdiction to maintain this suit. If no such adequate remedy at law by administrative proceedings or otherwise is provided for by the act, then this court, under section 2, article 3, of the Constitution of the.United States, must maintain its jurisdiction and hear the questions presented.

The final question here for determination is, then, Does the act provide for an administrative remedy that is adequate and complete so that the complainants may in the event it is determined the tax was illegally exacted from them follow that procedure and obtain such relief?

■ As indicated above, the question of the adequacy of this relief has been so often discussed by the courts and is so ably and clearly presented by the briefs that I do not find it necessary to enter into a detailed discussion of the several provisions of the act intended to give that relief. Suffice it to say that I am satisfied it does not give a full and complete remedy, and that the institution and maintenance of these suits by complainants under the situation and circumstances presented by the facts requires this court to maintain its jurisdiction and these proceedings.

As a practical matter, even if I should be mistaken as to these .conclusions, to sustain the motions to dismiss would be of little or no benefit to the defendant, as the Circuit Court of Appeals would no doubt follow its procedure in the Washburn Crosby Company Case [1] by the issuance of a restraining order. Thus the situation would be held in statu quo with reference to the payment of these taxes until the questions are determined by the Supreme ·Court of the United States, as to the original act, and by the Circuit Court of Appeals as to the question presented by the challenge to the act as amended.

It is therefore ordered that the defendant's motion to dismiss and to dissolve the preliminary injunctions in cases No. 4582 and No. 4586 should be, and the same are hereby, overruled, and the defendant excepts.

In the other six cases, the motions to dismiss are severally overruled, and

---

[1] No opinion filed.

the applications for temporary injunction are sustained. To all of which the defendant excepts.

The attorneys for the complainants in each of the cases may prepare orders for temporary injunction, submitting them to the United States Attorney, and providing in each case that the complainants will deposit with the clerk of this court the sums due and to become due from each of them for processing taxes to abide the final decree; and further providing that at the end of each month they will file processing tax returns with the defendant as required by existing laws and regulations; and, in general, in addition thereto, to follow the form which has been heretofore used by this court in the granting of other temporary injunctions.